PRUDENTIAL INSURANCE COMPANY OF AMERICA, Petitioner, *v.* BENJAMIN R. SCHENCK, as Superintendent of Insurance of the State of New York, Respondent, and PRUDENTIAL ASSURANCE COMPANY LIMITED, Intervenor-Respondent.

First Department, November 20, 1973.

*William R. Hulbert* of counsel (*Schechter & Schwartz,* attorneys), for petitioner.

*David R. Spiegel* of counsel (*Samuel A. Hirshowitz* with him on the brief; *Louis J. Lefkowitz, Attorney-General*), for respondent.

*Norman S. Rein* of counsel (*David Q. Cohen* and *Alan J. Rein* with him on the brief; *Rein, Mound & Cotton,* attorneys), for intervenor-respondent.

STEUER, J. The Prudential Assurance Company, Limited, a British insurance company which writes life insurance, was, quite properly, allowed to intervene in this proceeding. It sought a license for a subsidiary, the Prudential Assurance Company Limited of Great Britain (United States Branch) to do business in this State. After a hearing at which the petitioner, the Prudential Insurance Company of America, presented objections, the respondent Superintendent of Insurance granted permission. We are not prepared to say that this determination was per se erroneous to the extent that an opposite decision is mandated by the facts. But we do find that the decision was based on an erroneous conception of the applicable statute.

Section 50 of the Insurance Law provides that no license to do any insurance business shall be granted to any corporation which proposes to do an insurance business "under a name identical with, or so similar to as to be likely to deceive or mislead the public, the name of any insurer then licensed". This section, enacted in 1939, replaced former section 10 of the law which had been in effect for over 30 years. The former section limited the restriction to a name that was "calculated to deceive." The legislative distinction is plain. Formerly the restriction was upon a newcomer who sought to deceive the

public into believing it was doing business with the company already licensed. Now the good faith of the applicant is no longer the test. If the similarity of name is likely to mislead, the license may not issue.

It appears without dispute that the applicant company is the largest writer of life insurance in Great Britain. Its founding long antedates the birth of the petitioner. Furthermore, it welcomed its namesake into the insurance field and gave it valuable advice in its very early days. There is no suggestion that it hopes to trade on the local company's name or reputation. The respondent found these facts to be controlling. We believe that the respondent's inquiry should be directed to the effect of the similarity of the names rather than to the motives of the applicant. The intervenor argues that there is no likelihood of confusion because the great bulk of, if not all, life insurance is written through brokers who are well able to distinguish between companies despite any similarity in name. Obviously the Legislature in enacting section 50 thought otherwise, or it meant to provide against confusion and mistake arising from other situations.

The decision of the respondent that the Prudential Assurance Company Limited of Great Britain (United States Branch) may do business in this State, should be annulled on the law, without costs and the matter remanded to respondent for further proceedings on the intervenor's application in accord with this opinion.

KUPFERMAN, J. (concurring). While I agree with the court in its reasoning that the matter should be remanded, I would go further and find that the determination was per se erroneous. The record here is sufficient to establish the secondary significance in the insurance field in the State of New York of the word "Prudential" as used by the petitioner. (3 Callmann, Unfair Competition, § 77.1.)

If the judicial review is a narrow one limited to the question of whether a determination is "arbitrary" or "capricious", or a broader one as to whether it is supported by "substantial evidence" (*Matter of Long Is. Coll. Hosp.*, 32 N Y 2d 314, 321) under neither standard is the determination correct. Further, the recognized expertise of the Superintendent of Insurance of the State of New York does not extend to the law of unfair competition.

LANE, J. (dissenting). There were two applications pending before the Superintendent of Insurance. One was by the Pru-

dential Assurance Company Ltd. of Great Britain (British Prudential) for permission to use its name in the United States in its writing of life insurance policies, adding the parenthetical phrase " United States Branch " to its title. The second application was by a subsidiary of Prudential Insurance Company of America (American Prudential) for permission to use the name Prudential Property and Casualty Insurance Company (PRUPAC) in connection with writing policies of property insurance. American Prudential objected to British Prudential's selling insurance using the name Prudential in the United States since it would result in confusion of the public. However, it still sought the use of the name PRUPAC notwithstanding the fact that British Prudential had been using the name Prudential in New York since 1922 on property insurance policies. Both American Prudential and British Prudential sell insurance in Canada under the name Prudential.

Section 50 of the Insurance Law controls the determination of this type of application, since it provides that the Superintendent " may refuse to grant a license to do an insurance business * * * under a name which is likely to deceive or mislead the public in this state."

Former section 10 of the Insurance Law was the predecessor statute to section 50 and its criterion for denial of licenses was the proposed use of any name " calculated to deceive."

The Superintendent, after holding a hearing and receiving briefs and memoranda from counsel, rendered an opinion and decision which take up over six typewritten pages in the appendix on appeal. In that opinion, reference to section 50 is made at least seven times.

There was one issue to be resolved which would dispose of both applications, i.e., confusion. " Good faith " was clearly excluded from the controversy between the parties. This was outlined in a statement toward the beginning of the opinion, which read as follows: " At the hearing *it was conceded by all that there was no question of good faith on the part of any of the parties,* leaving as the sole issue to be determined by me, the possible confusion which may ensue by the use of the word ' prudential ' by the two proposed corporate licensees in their names so as to ' deceive or mislead ' the public." (Emphasis added.)

The major portion of the opinion deals with a discussion of the possibility of obtaining a proprietary interest in the word " prudential " and a review of the evidence submitted to show

alleged confusion of the public in distinguishing between the two corporations in Canada.

This alleged evidence of confusion was rejected by the Superintendent as insufficient.

My brethren in the majority concluded that, " Now the good faith of the applicant is no longer the test." The conclusion that the Superintendent of Insurance predicated his decision on good faith, the old section 10 criterion, is based upon the phrase " good faith " which was used by him in the closing paragraphs of his opinion. He stated:

" In viewing the facts, and having confidence in the good faith and good will of the companies involved, it is my opinion that the ' Prudential Assurance Company, Limited of Great Britain (United States Branch) ' * * * will not use its name in a deceptive or misleading manner within the contemplation of Section 50 so as to confuse its activities with Prudential-America.

" Likewise, I am fully confident that ' Prudential Property and Casualty Insurance Company ' * * * will not use its name in a deceptive or misleading manner within the contemplation of Section 50 of the Insurance Law so as to confuse its activities with Prudential-New York."

The first phrase of that conclusion is crucial. The Superintendent first and foremost was *viewing the facts* which led to the conclusion that there was no confusion within the meaning of section 50. The balance of the conclusion is a superfluity and mere dictum.

No good purpose would be served by remanding the matter to the Superintendent for further proceedings, since section 50 was clearly the foundation upon which his determination rested.

Accordingly, the determination of the Superintendent should be confirmed with costs.

NUNEZ and MURPHY, JJ., concur with STEUER, J.; KUPFERMAN, J., concurs in an opinion; LANE, J., dissents in an opinion.

Determination of the respondent, dated December 28, 1972, that the Prudential Assurance Company Limited of Great Britain (United States Branch) may do business in this State, annulled, on the law, without costs and without disbursements, and the matter remanded to respondent for further proceedings on the intervenor's application in accord with the opinion of this court filed herein.